ALBERT C. BASSETT, JR. *vs.* LETITIA FRANCES BASSETT BLANCHARD.

Hampden. September 15, 1989. - November 14, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Appeal. *Constitutional Law,* Full faith and credit.

A judge of the Probate and Family Court Department properly dismissed a Connecticut father's petition for enforcement of a Connecticut court order awarding the father custody of his adult mentally handicapped son who was domiciled in Massachusetts, where the judge correctly determined that the Connecticut order was not entitled to full faith and credit inasmuch as the Connecticut court did not have personal or subject matter jurisdiction. [90-91]

PETITION filed in the Hampden Division of the Probate and Family Court Department on June 30, 1986.

The case was heard by *David G. Sacks,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Martin O'Connell* for the plaintiff.

*Stewart T. Graham, Jr.,* for the defendant.

O'CONNOR, J. On June 30, 1986, the plaintiff, a Connecticut resident and domiciliary, filed in the Probate and Family Court Department a petition, variously described in the record as a petition for habeas corpus and as a petition for personal liberty, by which the plaintiff seeks custody and physical delivery to him of his mentally handicapped adult son. The defendant is the son's mother. The defendant mother and the son moved from Connecticut during the year following the plaintiff's and defendant's divorce in Connecticut in 1979. The defendant and son have lived together and been domiciled in Massachusetts ever since.

On June 12, 1986, shortly before the plaintiff filed his petition in the Probate Court, a judge in a Connecticut Court of Probate, after a proceeding in which neither the defendant mother nor the son appeared, issued an order modifying an earlier decree of that court that had awarded custody of the son to the defendant mother. The June 12, 1986, order "replace[d]" the defendant as custodian and awarded custody to the plaintiff father. Following the filing of the plaintiff's petition on June 30, 1986, several proceedings took place in the Massachusetts Probate Court, and in the United States District Court for the District of Massachusetts, the details of which are unimportant to this appeal. Finally, in May, 1988, a Massachusetts Probate Court judge dismissed the plaintiff's petition. The judge reasoned that, "[d]ue to [the son's] presumed (in Massachusetts) competence, and continued domicile in Massachusetts for nine years, and his being an adult (at all material times)," the Connecticut courts lacked jurisdiction to adjudicate the competence of the son. The judge concluded that any outstanding orders in Connecticut were thus not entitled to full faith and credit in Massachusetts.

In his brief, the plaintiff states the issue on appeal this way: "Has the Massachusetts Probate Court violated the [plaintiff's] Constitutional Right to Full Faith and Credit by its sua sponte dismissal of [the plaintiff's] action to enforce a Connecticut Judgment without first conducting a full hearing to consider whether the Connecticut Court's judgment satisfies certain requirements supporting full faith and credit[?]" The defendant does not agree that the Probate Court judge acted sua sponte and without conducting a full hearing, but otherwise agrees with the plaintiff that the issue on appeal is whether the June 12, 1986, order of the Connecticut Court of Probate must be given full faith and credit in Massachusetts. We conclude, as did the Massachusetts Probate Court judge, that the Connecticut order is not entitled to full faith and credit in Massachusetts. Therefore, we affirm the order below dismissing the plaintiff's petition.

We need not resolve the question whether the plaintiff was given full opportunity to present evidence and argue facts and law to the Probate Court judge bearing on the full faith and credit question. On appeal, the plaintiff suggests no facts that he would have sought to establish except that the son was badly treated in Massachusetts by the defendant mother's husband. That fact, even if it were established, is irrelevant to the matter of full faith and credit. Furthermore, in his main brief, the plaintiff has presented this court with neither reasoning nor judicial precedent that would support a conclusion that full faith and credit was owed with respect to the order of the Connecticut court. The plaintiff has not met the requirements of Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), with respect to sufficiency of appellate argument. That is enough to dispose of this case. Nevertheless, we discuss the merits of the full faith and credit question briefly.

A forum State (in this case, Massachusetts) must give full faith and credit to the judgment of a rendering State (here, Connecticut) only when the rendering State had personal and subject matter jurisdiction. When jurisdiction has been fairly and fully litigated in the rendering State, that issue cannot be relitigated in a subsequent action in another State. *Durfee* v. *Duke*, 375 U.S. 106, 111-113 (1963). It is also true, as the plaintiff argues in his reply brief,[1] that a party who fails to litigate the jurisdictional question when he or she has the "opportunity" to do so may not litigate that issue in a collateral attack on the judgment. See *Insurance Corp. of Ireland* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982). Neither of these principles, however, prevented the defendant in this case from rightfully challenging the Connecticut Court of Probate's jurisdiction by defaulting by nonappearance in Connecticut and then litigating the issue in the Massachusetts proceeding. "A defendant is always

[1]An argument made for the first time in a reply brief does not satisfy Mass. R. A. P. 16 (a) (4). *Leigh* v. *Board of Registration in Nursing*, 395 Mass. 670, 684 n.14 (1985). *Kelley* v. *Rossi*, 395 Mass. 659, 665 n.6 (1985), and cases cited.

free to ignore the judicial proceedings, risk a default judgment, and then challenge the judgment on jurisdictional grounds in a collateral proceeding." *Id.* at 706. Even in his reply brief, the plaintiff does not argue that, if the question of the Connecticut court's jurisdiction were open in the Probate and Family Court, as we hold it was, the Probate Court wrongly decided that question.

Therefore, the order of the Probate and Family Court dismissing the plaintiff's petition is affirmed.

*So ordered.*