In the

# United States Court of Appeals
### For the Seventh Circuit

No. 02-3397

KEY OUTDOOR INC. and ROBERT DAHL,

*Plaintiffs-Appellants*,

*v.*

CITY OF GALESBURG, ILLINOIS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 01-1280—**Michael M. Mihm**, *Judge.*

ARGUED APRIL 2, 2003—DECIDED APRIL 24, 2003

Before BAUER, EASTERBROOK, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After the City of Galesburg enacted an ordinance banning most of the signage that they own within its borders, Key Outdoor and Robert Dahl filed suit in state court seeking compensation for what they deem a taking of property. The complaint alleged that both federal and state constitutions require compensation in cash, rather than in delay. Galesburg has deferred the effective date of its law until 2009, and it contends that owners' ability to profit from their signs in the interim (which the City calls "amortization") is all the compensation that the Constitution requires—though what an owner can

make during the years remaining is not "compensation" but is only the existing value that the government had refrained from extinguishing. (The United States, acquiring land for a post office, could not say anything like: "You have ten acres now; we are taking one of them, and the nine left behind compensate you for the acquisition." Nor could Illinois announce tomorrow that on January 1, 2100, all private property within its borders must be handed over to the state without compensation, even though the delay would allow owners to extract 95% of the land's value.)

Galesburg removed the suit to federal court, as was its right because some of plaintiffs' claims arise under federal law. The district court then dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. Both state and federal takings claims are premature, the court held, because plaintiffs have not exhausted their remedies under state law and thus have not established that the government is refusing to pay whatever compensation may be required by the Constitution. Compare *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), with *Palazzolo v. Rhode Island*, 533 U.S. 606, 618-26 (2001). Plaintiffs' contention that the City's ordinance is incompatible with §131(g) of the Highway Beautification Act, 23 U.S.C. §131(g), failed because, the district court held, there is no private right of action to enforce that statute in federal court. With respect to plaintiffs' claims under state law, the district court concluded that cities' home-rule powers permit them to supersede the state legislation on which plaintiffs had relied. The court then dismissed the complaint outright, declining to remand any portion of the litigation to state court.

This leaves plaintiffs' takings claims unadjudicated, because they must pursue state remedies, but also blocks

plaintiffs' pursuit of those remedies. They filed the case in state court precisely because they understood the need to seek whatever relief state courts could provide. When the City removed the suit to federal court, and frustrated plaintiffs' effort to invoke state remedies, it logically either surrendered the benefit of *Williamson* or consented in advance to the remand of state-law theories, so that the process required by *Williamson* could run its course. Yet Galesburg has steadfastly resisted a remand. The district court should not have abetted the City's strategy. Instead the judge should have considered the criteria in 28 U.S.C. §§ 1367(c) and 1441(c). The presence of "a novel or complex issue of State law", §1367(c)(1), in a suit where all federal claims have been finally resolved, §1367(c)(3), implies the wisdom of sending those state-law theories back to state court.

Plaintiffs concede that a federal takings claim is premature and do not ask us to reverse the district court's understanding of the federal Highway Beautification Act. Only state theories remain, and it makes much more sense to have these resolved by the state judiciary than to have them resolved by a federal court. Plaintiffs' arguments would require us to determine the extent of a municipality's home-rule power over a subject that also is covered by rules of statewide application. No state court has addressed the question whether, under Illinois law, a municipality may ban signs and offer only "amortization" rather than cash compensation. Nor has any state court addressed the question whether the sort of statute that Galesburg has enacted would be deemed a taking for purposes of state or federal law. If it is not a "taking," then no compensation is owed, and the delay until 2009 gives plaintiffs more than their constitutional due—though states are free to be generous, and perhaps Illinois has required municipalities to stop short of the constitutional limit on the power to regulate without

compensation. Whether Galesburg's "amortization" approach is compatible with state law (if, indeed, either state or federal law requires any compensation) is the sort of issue that Illinois should be allowed to resolve for itself.

We therefore vacate the district court's decision to the extent that it resolves any question arising under state law, and we remand with instructions to remand the case to state court. See 28 U.S.C. §1441(c). Illinois courts are free to redetermine all claims under state law, without any preclusive effect from the district court's decision. Moreover, state courts may elect to enforce 23 U.S.C. §131(g) as a matter of state law, whether or not this provision is implemented by private action in federal court, for states are not bound by all limitations on the authority of federal tribunals. (Whether Illinois *does* provide a state-based right of action to enforce §131(g) is a question on which we express no opinion; nor do we address whether the district court was correct in ruling that §131(g) cannot be enforced by private litigants in federal court, for that issue is outside the scope of the appeal.) Once the state-law theories have been resolved, any remaining takings claim then will be ripe for decision.

VACATED AND REMANDED WITH INSTRUCTIONS

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*