# United States Court of Appeals
## For the First Circuit

No. 03-1091

DEBORAH MILLS AND PETER MILLS,

Plaintiffs, Appellants,

v.

HARMON LAW OFFICES, P.C., SALEM FIVE CENTS SAVINGS BANK,
DAVID A MARSOCCI, ESQ., DAVID M. ROSEN, ESQ.,
AND DANIEL J. FLYNN,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]
[Hon. Joyce London Alexander, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Daniel A. Laufer, for appellants.
Melissa E. Darigan, Lisa M. Martinelli, and Partridge Snow &
Hahn LLP for appellees.

September 12, 2003

**LIPEZ**, **Circuit Judge**.  This appeal presents a narrow procedural question -- whether a case properly removed to federal court pursuant to 28 U.S.C. § 1446 can be dismissed with prejudice if the district court subsequently concludes that it lacks subject matter jurisdiction over the dispute.

On January 9, 1987, appellants Deborah and Peter Mills refinanced the mortgage on their home with defendant Salem Five Cents Savings Bank ("Salem Bank"), which in turn assigned the mortgage to the Federal Home Loan Mortgage Corporation ("Freddie Mac").  The Mills were delinquent in their loan payments on numerous occasions, prompting Salem Bank to initiate foreclosure proceedings in May 1987.  Appellants sought to enjoin foreclosure in Rockingham County Superior Court in New Hampshire, and thereafter filed for Chapter 7 bankruptcy protection in September 1987.  On January 9, 1998, the bankruptcy court granted Salem Bank's motion for relief from the automatic stay of foreclosure proceedings, and the bank foreclosed on August 12, 1998.  Freddie Mac purchased the property at the foreclosure sale and commenced eviction proceedings against appellants in Plaistow District Court in New Hampshire.  After a year of litigation, Freddie Mac obtained a writ of possession on August 10, 1999.  The Mills unsuccessfully petitioned the Supreme Court of New Hampshire to quash the writ, and subsequently returned to the bankruptcy court seeking to invalidate the foreclosure by moving to vacate the bank's relief

from the automatic stay. The bankruptcy court denied the motion, and the Mills appealed the decision first to the United States District Court in New Hampshire and then to this court, both times unsuccessfully.

In July 2001, as that appeal was pending, the Mills filed the underlying complaint in this matter in the Middlesex County Superior Court in Massachusetts. Appellants alleged that (1) Salem Bank was not the true owner of their mortgage, (2) Salem Bank's attorneys fraudulently obscured the identity of the true mortgage owner from the New Hampshire state courts, and (3) consequently, the 1998 foreclosure was null and void. Because the plaintiffs inter alia sought relief under the federal civil RICO statute, the defendants successfully petitioned to remove the case to the United States District Court in Massachusetts, citing the court's federal question jurisdiction.

The district court assigned the case to a Magistrate Judge, who sua sponte recommended dismissal pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine precludes courts from exercising subject matter jurisdiction[1] where the issues presented in the case are "inextricably intertwined" with questions

_____

[1]Our prior jurisprudence establishes that the Rooker-Feldman doctrine implicates the court's subject matter jurisdiction. As we observed in In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61 (1st Cir. 2002): "The Rooker-Feldman doctrine is jurisdictional in nature; if a case is dismissed because the Rooker-Feldman doctrine applies, it means the court has no subject matter jurisdiction to hear the case." Id. at 66 n.1.

previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999) (noting that a federal claim is "inextricably intertwined" with a state-court claim "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."); see generally D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Wilson v. Shumway, 264 F.3d 120 (1st Cir. 2001).

Applying the Rooker-Feldman doctrine to the case at bar, the Magistrate Judge concluded that

> the substantive legal issues underlying the plaintiffs' common law and state statutory claims appear to derive from the same nuclei of facts and legal issues presented to, and decided by, the various New Hampshire state courts . . . . In order to adjudicate the allegations of the complaint en toto, the district court would have to exhume the averments presented to the New Hampshire courts and dissect them again.

Alternatively, the Magistrate Judge found in a footnote "that the plaintiffs have not properly plead the RICO count in their complaint . . . . Accordingly, in the event that the district court is not persuaded of the applicability of the Rooker-Feldman doctrine, the complaint should be dismissed due to its deficiencies in pleading the RICO claim."

The district court adopted the Magistrate Judge's Report and Recommendation in its totality, agreeing that the Rooker-

_Feldman_ doctrine divested the court of subject matter jurisdiction, and further concluding "that the report and recommendation was correct in its ancillary determination that no pattern of racketeering activity as defined in the RICO statute has been pleaded and that plaintiffs have therefore not stated a claim on which relief may be granted pursuant to the statute." Accordingly, the district court dismissed the Mills' complaint with prejudice on all counts.

On appeal, the Mills do not contest the district court's application of the _Rooker-Feldman_ doctrine, but claim that the district court abused its discretion by dismissing the complaint with prejudice after determining that it lacked subject matter jurisdiction. We agree.

Under the relevant provision of the federal removal statute,

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). _If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded._ An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c) (emphasis added). The language of this provision unambiguously precludes federal courts from reaching the merits of a removed case when it lacks subject matter jurisdiction over the dispute. We have historically construed this passage strictly:

> We think . . . that the district court erred in departing from the literal words of § 1447(c), which, on their face, give it no discretion to dismiss rather than remand an action. And, we are unwilling to read such discretion into the statute here, because we cannot say with absolute certainty that remand would prove futile.

Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Serv., 876 F.2d 1051, 1054 (1st Cir. 1989); see Smith v. Wis. Dep't of Agric., Trade, and Consumer Prot., 23 F.3d 1134, 1139 n. 10 (7th Cir. 1994) ("[T]he point of section 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance. The merits of the . . . claim are therefore irrelevant to this determination."); see also Christopher v. Stanley Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.").

Appellees gamely attempt to evade this inevitable result, arguing that a district court is entitled to dismiss a removed case with prejudice if the removal itself "is procedurally and

substantively proper," and the jurisdictional defect is revealed only after the removal is perfected.  This novel theory contradicts the plain directive in 1447(c) that "[i]f <u>at any time before final judgment</u> it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" (emphasis added).  Nothing in the language of this provision or the cases construing it predicates the remand requirement on the nature of the defect in the court's subject matter jurisdiction, or the timing of its discovery.  The existence of any subject matter jurisdiction defect divests the court of authority to dismiss a removed case on its merits,[2] regardless of whether the jurisdictional flaw results from an improper removal or arises from some other source, such as the <u>Rooker-Feldman</u> doctrine.[3]  And whether or not section 1447(c)

---

[2]While this rule precludes federal courts from considering the merits of a case after identifying a defect in subject matter jurisdiction, it in no way implies a "sequencing of jurisdictional issues," <u>see</u> <u>Ruhrgas AG</u> v. <u>Marathon Oil Co.</u>, 526 U.S. 574, 584-85 (1999), that obliges courts to resolve subject matter jurisdiction before investigating other possible bases for disclaiming jurisdiction (e.g., personal jurisdiction, discretionary abstention grounds).  The Supreme Court has expressly declined to adopt any wooden rule to the contrary.  <u>See</u> <u>id.</u>, cited with approval in <u>Middlesex Power Equip.</u>, 292 F.3d at 66 n.1.

[3]Appellees supplement their argument with a lengthy string citation of cases in which the district court dismissed cases "with prejudice" pursuant to the <u>Rooker-Feldman</u> doctrine.  Our review of those cases indicates that, without exception, they originated in federal court and hence were not subject to the provisions of the federal removal statute.  Accordingly, those cases do not counsel against the outcome we reach here.  Of course, lack of subject matter jurisdiction precludes a disposition on the merits even in a non-removed action.  However, a dismissal on <u>Rooker-Feldman</u> grounds, although "with prejudice," is not intrinsically a

-7-

contains an implicit exception for a case where a remand could be said "with absolute certainty" to be futile, see Interdependent Neighborhoods, 876 F.2d at 1054, we are unwilling to make such a finding here, though we suspect that this case has little future.

The appellees are understandably frustrated with the Mills' litigiousness:

> The Mills have trampled through no less than six Courts in pursuit of relief as a result of a foreclosure that legally occurred due to their indisputable Mortgage default and have wasted endless judicial resources by continuing to pursue this frivolous and baseless claim. Clearly, this is a case of litigants who have a demonstrated history of vexatious litigation that if left unchecked, will continue to spread across a new forum and state.

While we are obliged to order the district court to remand this case back to the Massachusetts Superior Court, we note that the Mills' foray through the courts may be approaching its terminus. The same bedrock principles codified in the Rooker-Feldman doctrine that preclude federal district courts from revisiting questions previously adjudicated by state courts, see Hill, 193 F.3d at 39, compel state courts to give "full faith and credit" to the judgments issued by other state courts. "In a practical sense, full faith and credit establishes a rule of evidence requiring recognition of a prior out-of-State judgment, giving it res judicata effect and thus avoiding relitigation of issues in one

---

disposition on the merits.

-8-

State which have already been decided in another." <u>Luna</u> v. <u>Dobson</u>, 763 N.E.2d 1146, 1150 (N.Y. 2001) (internal quotation marks omitted); <u>see</u> U.S. Const. art. IV, § 1; <u>Bassett</u> v. <u>Blanchard</u>, 546 N.E.2d 155, 157 (Mass. 1989); <u>Wright Mach. Corp.</u> v. <u>Seaman-Andwall Corp.</u>, 307 N.E.2d 826, 831-32 (Mass. 1974). Accordingly, without in any way presuming to direct the outcome in state court, we anticipate that application of these principles is very likely to lead the Massachusetts Superior Court to grant the dismissal with prejudice that was unavailable to appellees in the federal forum.

The judgment of the district court is **vacated**, and this case is **remanded** to the district court with instructions to remand the case to the Middlesex County Superior Court.

**So ordered.**