Edward V. CALLICO and Lea Ann Callico, Plaintiffs–Appellants,

v.

CITY OF BELLEVILLE, et al., Defendants–Appellees.

Nos. 03–2845, 03–2846.*

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 2004.**

Decided May 25, 2004.

Rehearing Denied June 22, 2004.

---

http://muredhawks.ocsn.com/sports/w-swim/archive/mioh-w-swim-archive.html.

* Although this case has two docket numbers, there is only one underlying appeal. The second number was assigned when the appellants filed an amended notice of appeal. The second filing fee has been waived.

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Edward V. Callico, Belleville, IL, pro se.

Lea A. Callico, Belleville, IL, pro se.

Robert E. Becker, Becker, Paulson, Hoerner & Thompson, Belleville, IL, Julie Ann Hofherr Bruch, O'Halloran, Kosoff, Geitner & Cook, Northbrook, IL, Bernard J. Ysursa, Cook, Shevlin, Keefe, Ysursa, Brauer & Bartholomew, Belleville, IL, for Defendants–Appellees.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

This case, beginning as a municipal zoning dispute, eventually spilled over into both state and federal court, and was ultimately consolidated into a 506–paragraph combined complaint. Several principles contributed to the case's resolution, including the *Rooker–Feldman* doctrine, the statute of limitations, and the court's ability to enforce its orders under Fed.R.Civ.P. 41(b). We affirm.

In June 1998, an Illinois state court determined that a house owned by Edward and Lea Ann Callico was unfit for occupancy. Finding the Callicos unable or unwilling to fix it, the court authorized its demolition. The state appeals court upheld the order, and the City of Belleville demolished the building in November 2001.

By then, the Callicos had filed their own state-court lawsuit against the City and its former building and zoning commissioner, alleging "harassment" in the events leading up to the demolition. Originally filed on June 29, 2001, the complaint contained one count and 32 paragraphs. By September 2002, it had become a 21–count Fourth Amended Complaint spanning 120 pages and alleging wrongdoing by half a dozen defendants. Extensive discovery ensued.

Meanwhile, the Callicos filed an almost identical complaint in federal district court. When the defendants were notified of the new federal lawsuit, they removed the state case to federal court, requested consolidation, and eventually moved for summary judgment.

At a hearing on the summary judgment motion, the district court observed that most of the Callicos' allegations appeared to concern actions taken either in preparation for or in execution of the state-court demolition proceedings, and pointed out that claims based on such actions are barred by the *Rooker–Feldman* doctrine, which prohibits federal courts from reviewing state-court judgments, or claims that are "inextricably intertwined" with such decisions. *See Brokaw v. Weaver*, 305 F.3d 660, 664—65 (7th Cir.2002). The court identified only three incidents that were not inextricably intertwined with the state proceedings, and only two of those were not barred by the statute of limitations. Ordering all other claims dismissed without prejudice (except for the time-barred claim, which was dismissed with prejudice), the court gave the Callicos ten days to file a new complaint, which, the court instructed them, should include only claims based on the two remaining incidents.

The Callicos did not follow that instruction. Instead, they submitted a 37–page, nine-count amended complaint that repeated many of the allegations and claims the court had already dismissed. Finding the Callicos' disregard of its instructions inexcusable, the court dismissed their case with prejudice under Fed.R.Civ.P. 41(b) for failure to follow an order of the court.

On appeal, the Callicos challenge the court's dismissal of their case, claiming that they are "not sure exactly what part of the court order they have not followed." But the court's reason was quite plain:

they had failed to restrict their amended complaint to the two claims the court had determined were still viable. The Callicos protest that the inclusion of superfluous material in a complaint is not a sufficient ground for dismissal: "However prolix the [amended] pleadings may be, it is likely that the court would strike any scandalous matter, but most courts would not dismiss a pleading for prolixity" (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir.2001)). But the court was not objecting to "the mere presence of extraneous matter" in the complaint, *Davis,* 269 F.3d at 821, but rather to the Callicos' outright defiance of its instruction to restrict the complaint to two specific claims.

The district court hinted at a deeper problem, however, pointing out that it had "made a substantial effort to understand the various theories of recovery advanced by [the Callicos] and took considerable time explaining to them how their claims should be presented under federal notice pleading standards." Under Fed.R.Civ.P. 8, a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." We look in vain for such a statement among the 506 paragraphs of the Callicos' combined complaint. The resulting difficulty is more than technical: "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003).

It can also make appellate review more difficult. For example, the Callicos argue that the court erred in finding all but three of their claims barred by the *Rooker–Feldman* doctrine. They correctly point out that the doctrine does not necessarily doom a claim that touches upon issues litigated in a state-court proceeding. *See, e.g., Gen. Auto Serv. Station LLC v. City*

*of Chicago,* 319 F.3d 902, 905 (7th Cir. 2003) ("[A] protest ... concerning the adversary's pre-litigation conduct rather than an injury caused by a judicial decision ... is unaffected by the *Rooker–Feldman* doctrine."). It could well be that some of the incidents the Callicos have alleged escape the doctrine's reach, but we are at a loss to discern precisely which ones. We struggle even to identify the basic contours of their story, let alone which elements of that story are not "inextricably intertwined" with the state-court demolition proceedings.

It hardly matters, though. As best we can tell, everything of which the Callicos complain (with only the two exceptions identified by the district court) took place before June 29, 1999, two years before the Callicos filed their lawsuit in the state court. There is a two-year statute of limitations in Illinois for civil rights claims under 42 U.S.C. § 1983, *see Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004), and a one-year limit for tort claims against a municipal entity, *see* 745 ILCS 10/8–101(a). So even if we were able to identify claims that the district court improperly dismissed under *Rooker–Feldman,* those claims would nevertheless be time-barred, and thus subject to dismissal with prejudice. The Callicos' attempts to get around the limit by alleging that they learned of the injuries only in January 2001 or that there was some sort of "continuing violation" are patently frivolous.

■ Of the Callicos' remaining arguments, only one merits discussion. When it dismissed their claims for want of jurisdiction under *Rooker–Feldman,* the district court explained that any challenge to the state-court demolition proceeding needed to brought in state court. The Callicos point out that their lawsuit *was* originally brought in state court, but was removed to federal court by the defendants. They argue that the district court, finding itself without jurisdiction over some of their claims, should have remanded those claims to state court rather than dismissing them.

It is true that under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case that has been removed from state court, "the case shall be remanded." *See Mills v. Harmon Law Offices, P.C.,* 344 F.3d 42, 45—46 (1st Cir.2003) (vacating dismissal with prejudice under *Rooker–Feldman* where case had been removed from state court). We doubt that the state courts will be receptive to this sort of collateral attack, but that is not for us to decide. *See Durgins v. City of East St. Louis, Ill.,* 272 F.3d 841, 843 (7th Cir.2001) (state law governs preclusive effect of state-court judgments); *Mills,* 344 F.3d at 46 (ordering remand even though case appears to have "little future"). We are nevertheless persuaded that dismissal was appropriate in this case. Not only was the dismissal without prejudice (and, according to the defendants, the Callicos have already re-filed their claims in state court), but the case was removed only because the Callicos themselves filed a nearly identical lawsuit in federal court. Having done so, they were and are in no position to protest that their claims properly belong in state court. *Cf. Key Outdoor Inc. v. City of Galesburg, Ill.,* 327 F.3d 549, 550 (7th Cir.2003) (defendants who removed suit to federal court cannot oppose remand based on plaintiffs' failure to exhaust state remedies).

AFFIRMED.