**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY GRANT, individually and on behalf of the members of the general public similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>UNIFUND CCR, LLC, an Ohio limited liability company,<br><br>        Defendant,<br><br>  And<br><br>UNIFUND CORPORATION, an Ohio corporation and UNIFUND CCR PARTNERS, a New York partnership,<br><br>        Defendants - Appellees. | No. 12-56641<br><br>D.C. No. 2:12-cv-03770-CAS-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 7, 2014
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

In 2008, Unifund CCR Partners, a debt collection agency, sued Kimberly Grant in Los Angeles County Superior Court for collection of unpaid credit card debt. Grant did not respond to the complaint. After motion, the Superior Court entered default judgment in favor of Unifund.

On September 30, 2011, Grant filed a putative class action lawsuit in the District Court for the Central District of California against Unifund CCR Partners and Unifund Corporation. ("*Grant I*"). This action asserted claims for violations of the federal Fair Debt Collection Practices Act ("FDCPA" 15 U.S.C. § 1692), California's Unfair Competition Law ("UCL" Cal. Bus. & Prof. Code § 17200 *et seq.*), and state-law claims for abuse of process and conversion. *Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1236 (C.D. Cal. 2012).

On October 5, 2011, Grant filed a motion in California state court to vacate the prior state court judgment, claiming that she had never been served with the complaint. The superior court denied the motion, and Grant did not appeal.

On February 6, 2012, the district court in *Grant I* granted Unifund's motion for summary judgment. *Id.* at 1237. The court divided Grant's claims into two classes. The first class was made up of those claims that were premised on the allegation that Unifund "did not give plaintiff proper written notice in order to

2

validate the alleged debt before suing her, in violation of section 1692g(a) of the FDCPA." *Id.* at 1240 (internal quotation marks and brackets omitted).[1] The *Grant I* court granted Unifund summary judgment on the merits with regard to this first class of claims because Ninth Circuit law requires only that a debt collector provide undisputed evidence that a letter informing the debtor of the debt was mailed to the debtor and not returned as undeliverable. Unifund provided such evidence. *Id.* at 1242.

The second class of Grant's claims were those premised on Grant's remaining four allegations: "(1) that plaintiff was never served with the summons and complaint in the state court action; (2) that plaintiff does not owe the debt at issue in the state court action; (3) that Unifund [] improperly garnished her money; and (4) that the . . . Affidavit[s] submitted in support of the request for default judgment w[ere] 'false and fraudulent.'" *Id.* at 1239 (citations omitted).[2] The

---

[1] The claims in this first class were for violations of 15 U.S.C. § 1692g(a) by not giving Grant proper written notice of the alleged debt before suing her in state court, as well as Grant's California UCL claim, to the extent that it was premised on the claim that Unifund failed to give Grant proper written notice to validate the alleged debt before suing her.

[2] The claims in this second class were for violations of the FDCPA, 15 U.S.C. §§ 1692d–f (which require debtors not to use abusive, fraudulent, or unfair debt collection practices), state law abuse of process, state law conversion, and California UCL.

court held that these allegations constituted a *de facto* appeal from Grant's state judgment. *Id.*; *see id.* at 1239 n.3. Accordingly, the *Grant I* court decided that "pursuant to the *Rooker-Feldman* doctrine, the Court cannot entertain any claims premised on those alleged wrongs," and therefore granted Unifund's summary judgment with regard to them. *Id.* at 1242. Grant did not appeal that judgment.

On March 15, 2012, Grant filed this putative class action (*Grant II*) in Los Angeles County Superior Court, naming Unifund CCR LLC and Unifund Corp. as defendants. Grant's allegations here are substantially identical to those in *Grant I*. Defendants removed *Grant II* under claim of federal question jurisdiction. The district court dismissed the case with prejudice, holding that it was barred by res judicata. Grant moved for reconsideration, arguing that the court should have remanded the action to state court rather than dismiss with prejudice because the *Rooker-Feldman* doctrine had deprived it of subject matter jurisdiction. The district court denied Grant's motion for reconsideration. Grant appealed both rulings.

We find that the district court was correct to dismiss with prejudice Grant's first class of claims, namely those premised on her allegation that defendants failed to provide Grant with proper written notice of the alleged debt before suing her. Those claims were decided on the merits in *Grant I*. The removed complaint

4

alleged a violation of FDCPA § 1692g(a)'s notice requirement when it asserted the defendants "used unfair or unconscionable means, in violation of the FDCPA, to collect or attempt to collect alleged debts against Plaintiff and Class Members because they failed to communicate notice about the alleged debt before filing lawsuits . . . ." Further, by its own terms, the removed complaint alleged a violation of FDCPA § 1692g(a) when it asserted the "Defendants' conduct as alleged herein constitutes a violation of sections 1692g(a) and (d) of the FDCPA, and the Rosenthal Act, in that Defendants failed to give proper notice to Plaintiff and Class Members about the alleged debt before filing a civil lawsuit . . . ." Although Grant subsequently amended the complaint to disavow expressly the FDCPA § 1692g(a) claim, "[w]e have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006). The basis for the district court's federal question jurisdiction evaporated once Grant amended her complaint to clarify that she was not asserting a claim under § 1692g(a), but "[o]nce a case has been properly removed," the district court may exercise jurisdiction over state-law claims under 28 U.S.C § 1367. *Id.* The district court

5

therefore properly exercised jurisdiction and correctly held that the first class of claims were precluded by its merits determination in *Grant I*.

We find, however, that the district court erred in dismissing with prejudice the second class of claims. *Grant I* found that the claims in the second class were subject to the *Rooker-Feldman* doctrine because their adjudication would require this court to act as a *de facto* court of appeals over a prior state court judgment. *Id.* at 1239. The *Rooker-Feldman* doctrine prevents federal courts from exercising subject matter jurisdiction over such claims. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). This determination of the *Grant I* court is accorded preclusive effect. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992).

Once the district court dismissed with prejudice the first class of claims, all of the remaining claims were subject to the *Rooker-Feldman* doctrine; therefore the district court lacked subject matter jurisdiction over them. Because this case was removed from state court, it is subject to the federal removal statute, which states "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). Because the effect of *Rooker-Feldman* is that this court's subject matter jurisdiction over the second class of claims is extinguished, the claims in this second class should not have been dismissed, but rather should have been

6

remanded to California state court, whence they came. *See Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42 (1st Cir. 2003).

Therefore, we AFFIRM the district court's dismissal with prejudice of the first class of claims, but REVERSE and REMAND the second class of claims to the district court with instructions to remand them to California state court. Each party shall bear their own costs.