NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-789

MICHAEL BROWDER, JR.

vs.

DEPARTMENT OF UNEMPLOYMENT ASSISTANCE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Michael Browder, Jr., appeals from a judgment affirming a decision of the defendant Department of Unemployment Assistance (DUA) denying Browder unemployment benefits. We affirm.

Background. We summarize the factual findings of the DUA hearing examiner, which were adopted by the DUA's board of review (board). Where necessary, we supplement the findings with materials from the administrative record.[2]

---

[1] City of Boston.

[2] Browder's record appendix includes materials that were never submitted to the board. For instance, Browder's job search log, last updated July 26, 2022, postdates the board's decision, dated June 27, 2022, and was never part of the administrative record. The log was attached to Browder's

Browder was employed as a firefighter by the city of Boston's fire department. In the early stages of the COVID-19 pandemic, the city required its employees to "have regular temperature checks, report any COVID-19 symptoms, and answer questions regarding their health." In August 2021, the city enacted a COVID-19 vaccine mandate for its employees, effective that October. As an alternative, employees were allowed to submit a negative COVID-19 test result each week. Unless the city had approved a "reasonable accommodation," those who did not comply would be placed on unpaid administrative leave and face progressive "discipline up to and including termination."

Browder, a practicing Muslim, requested a reasonable accommodation in September 2021 because both vaccination and testing clashed with his beliefs.[3] He proposed alternative safety measures, including face coverings and temperature checks, in an attempt to compromise. The city did not respond. Instead, about one month later, the city notified him by e-mail that it would place him on unpaid administrative leave. Browder

complaint for judicial review, but it was not introduced in evidence. In any event, "we disregard the additional extra-record material submitted to the judge," and "[w]e confine our review to the record of proceedings before the board." She Enters., Inc. v. State Bldg. Code Appeals Bd., 20 Mass. App. Ct. 271, 273 (1985).

[3] The defendants do not challenge the sincerity of Browder's religious objection.

2

sent an e-mail message to follow up on his accommodation request. The city did not respond. On October 27, 2021, the city placed him on unpaid leave. It soon thereafter denied his request for a religious exemption, with no further explanation. Browder asked the city to reconsider its decision, but again, the city did not respond.

The city held a disciplinary hearing on November 4, 2021, and chose to continue Browder's indefinite unpaid leave. Even though Browder repeatedly asked to meet and reiterated his willingness to comply with alternatives to vaccination, the city still did not respond.[4]

Browder filed a claim with the DUA for unemployment benefits in November 2021. The DUA initially denied his claim, stating that work was still available to him because he was free to end the leave of absence by complying with the policy. Browder appealed from the denial, and he received a hearing before a DUA review examiner in January 2022. The city did not attend. The review examiner found Browder in total unemployment because the city had failed to explain its denial of his

---

[4] The city's inattentive and seemingly perfunctory treatment of Browder's claim for an exemption from the COVID-19 policy sets the stage for the current appeal but is not otherwise relevant. The issue in this appeal is whether DUA's decision to deny unemployment benefits was arbitrary and capricious; the appeal is not about whether the city acted arbitrarily or capriciously in ending Browder's employment.

accommodation requests, and it had turned a blind eye to his numerous attempts to resolve the matter. In a decision dated January 29, 2022, the review examiner reversed the DUA's initial decision and granted Browder unemployment benefits dating back to the start of his administrative leave.

On February 8, 2022, the city filed an application for review, requesting that the board reopen the case because the fire department's human resources department was understaffed and had been unable to attend the review examiner hearing. The board allowed the city's request, but instead of remanding the case to the hearing examiner to take additional evidence, the board instructed the review examiner "to make subsidiary findings from the record" regarding whether Browder had made efforts to find other work during his involuntary leave. As directed, the examiner made one additional finding: "Since being placed on an employer-imposed leave of absence, [Browder] has not been actively seeking work because he only wants to be a firefighter and feels that other municipalities would not hire him because of his vaccination status." Adopting the review examiner's factual findings in their entirety, the board reached a different conclusion: Browder was neither totally nor partially unemployed under G. L. c. 151A, §§ 1 (r) and 29, and was therefore ineligible for unemployment benefits.

4

Browder timely filed a complaint for judicial review in the Boston Municipal Court (BMC) under G. L. c. 151A, § 42. Browder alleged that he never received a copy of the city's application for review, and that he had no meaningful opportunity to respond or to participate in the board's review of the review examiner's decision. A judge held a hearing at which Browder was represented by counsel. During the hearing, counsel asked if the judge wanted to hear from Browder, but the judge declined, stating that his review was limited to the administrative record. Counsel did not object. The judge issued a memorandum and order affirming the board's decision, and Browder timely appealed.

Discussion. Browder's appellate brief focuses on perceived flaws of the hearing in the BMC, with emphasis on the judge's refusal to allow Browder to testify and on the conduct of DUA's counsel. These issues are waived because Browder's counsel did not object. See Devaney v. Zucchini Gold, LLC, 489 Mass. 514, 528 n.22 (2022). In any event, we discern no error or abuse of discretion in the judge's handling of the matter. The judge had no obligation to take Browder's testimony, as the administrative agency is the sole finder of fact and judicial review is based on the administrative record. See Curtis v. Commissioner of the Div. of Unemployment Assistance, 68 Mass. App. Ct. 516, 519 (2007). Live testimony is not necessary where the claims of

5

irregularities in the agency procedure can be decided on the record. See G. L. c. 30A, § 14 (5) ("The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court"). Nor are DUA counsel's arguments at the hearing in the BMC relevant to what happened at the administrative level.

In the BMC, Browder argued that the board failed to provide a full remand hearing with an opportunity for Browder to testify and submit evidence of his search for work. While the remand procedure employed by the board does indeed appear unorthodox, Browder's principal brief provides no legal authority demonstrating that the procedure violated any statute, regulation, or Browder's due process rights. Nor does he provide any basis for us to conclude that the board's decision, to which we owe substantial deference, was arbitrary or capricious, was not based on correct legal principles, or was not supported by substantial evidence. See Curtis, 68 Mass. App. Ct. at 519; National Sch. Bus Serv., Inc. v. Commissioner of the Dep't of Employment & Training, 49 Mass. App. Ct. 445, 450 (2000). The few cases cited in his brief merely recite the standard of review, and the brief is devoid of citations to the record. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481

6

Mass. 1628 (2019); <u>Cameron</u> v. <u>Carelli</u>, 39 Mass. App. Ct. 81, 85-86 (1995).  In short, it "does not rise to the level of acceptable appellate argument."  <u>Cameron</u>, <u>supra</u> at 86.[5]

Although "some leniency is appropriate" for self-represented litigants, the rules of procedure "bind a pro se litigant as they bind other litigants."  <u>Mmoe</u> v. <u>Commonwealth</u>, 393 Mass. 617, 620 (1985).  See <u>Brossard</u> v. <u>West Roxbury Div. of the Dist. Court Dep't</u>, 417 Mass. 183, 184 (1994).

---

[5] To the extent Browder raises additional arguments in his reply brief, they are not properly before us.  An appellant may not raise an argument for the first time in a reply brief.  See Mass. R. A. P. 16 (c), as appearing in 481 Mass. 1628 (2019); <u>Bassett</u> v. <u>Blanchard</u>, 406 Mass. 88, 90 n.1 (1989).

Based on the arguments presented, we have no basis to set aside or modify the board's denial of unemployment benefits.

<u>Judgment affirmed.</u>

By the Court (Massing, Shin & D'Angelo, JJ.[6]),

Clerk

Entered:  August 28, 2024.

---

[6] The panelists are listed in order of seniority.

8