NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1422

LESTER KALMANSON AGENCY, INC. & another[1]

vs.

CHASE CARMEN HUNTER.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The primary issue in this appeal is whether a Superior Court judge abused his discretion in allowing a motion for a preliminary injunction filed by the plaintiffs, Lester Kalmanson Agency, Inc., and Mitchel Kalmanson. The defendant, Chase Hunter, contends that the plaintiffs failed to meet their burden of demonstrating irreparable harm, the Superior Court lacked subject matter jurisdiction, and the claims before the Superior Court were "not justiciable," and thus the judge's decision cannot stand. We affirm.

_____

[1] Mitchel Kalmanson.

[2] Also known as Chase Hunter, individually and doing business as Chase Carmen Hunter Insurance and Chase Financial Services.

Background.  On August 16, 2023, the plaintiffs filed a verified complaint (complaint) in the Superior Court seeking enforcement in Massachusetts of a 2011 judgment in the amount of $9,432,125 against the defendant from the "County Court of the Ninth Judicial Circuit in and for Orange County Florida" (Florida judgment).[3]  The complaint also sought to "reach and apply" the defendant's alleged interest in real estate located in Massachusetts (the property) and sought injunctive relief.[4] In conjunction with the complaint, the plaintiffs also filed a motion for preliminary injunction, which sought to restrain and enjoin the defendant from selling, transferring, or otherwise disposing of "any interest of the [d]efendant" in the property.

On August 23, 2023, and September 26, 2023, a Superior Court judge held hearings on the motion for preliminary injunction.  On September 27, 2023, the judge allowed the motion, in part, and ordered as follows:

> "The defendant is forthwith restrained and enjoined from selling, transferring, assigning or otherwise disposing of,

---

[3] On March 20, 2023, the plaintiffs obtained an "Execution" on the Florida judgment in the same Florida court, in the amount of $9,432,125.

[4] The complaint alleged that the defendant "is an objector in a current probate proceeding filed in Hampden County Probate [and Family] Court" (the probate action); that the main asset in the probate action "is a single-family residence in the approximate amount of $200,000.00;" and that the defendant "has a half interest in the assets of the Probate Action."  In support of their allegations, the plaintiffs attached to the complaint various exhibits related to the Florida judgment.

2

alienating or pledging any interest of the defendant in the single family residence formerly owned by [defendant's deceased mother] pending further order of this court."

The defendant now appeals therefrom.

Discussion.[5] 1. <u>Waiver</u>. We first note that our review is somewhat hampered by the defendant's failure to comply with the Massachusetts Rules of Appellate Procedure, as several arguments in her brief lack citation to relevant legal authority, or any legal authority whatsoever. An appellant's brief must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies." Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019). The rule "is more than a 'mere technicality. It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'" <u>Cameron</u> v. <u>Carelli</u>, 39 Mass. App. Ct. 81, 85-86 (1995), quoting <u>Lolos</u> v. <u>Berlin</u>, 338 Mass. 10, 14 (1958).

In addition, the plaintiffs contend that the defendant waived her claims on appeal by failing to order and include certified transcripts of the Superior Court proceedings relevant

---

[5] The defendant filed a purported "Unopposed Brief" and claimed that the plaintiffs "have not participated in this appeal." The docket and the plaintiffs' comprehensive brief and myriad filings in this court demonstrate otherwise.

to the issues on appeal.  There is a measure of persuasiveness to this argument, as the defendant's record appendix contains unofficial transcripts purportedly created and "certified" by the defendant herself.  The failure to comply with Mass. R. A. P. 8 (b), as appearing in 481 Mass. 1611 (2019), constitutes a basis for waiver of her claims on appeal.  See Cameron, 39 Mass. App. Ct. at 84 (failure to provide transcripts necessary to decide issue on appeal results in waiver of issue).

2.  Merits.  Despite the shortcomings in the record discussed supra, we turn to the merits of the defendant's claims.  As to the partial allowance of the motion for preliminary injunction, the judge was governed by the familiar preliminary injunction standard:

> "To succeed in an action for a preliminary injunction, a plaintiff must show (1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the plaintiff[']s likelihood of success on the merits, the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant in granting the injunction."

Tri-Nel Mgt., Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001).  "At the preliminary injunction stage, an appellate court will not reverse the action of the motion judge if there is a supportable legal basis for that action."  Boston Harbor Commuter Serv., Inc. v. Massachusetts Bay Transp. Auth., 46 Mass. App. Ct. 122, 123 (1999).  Of course, "[i]f the basis

4

on which the preliminary injunction was issued is wrong as a matter of law, the preliminary injunction cannot be sustained." Doe v. Attorney Gen. (No. 1), 425 Mass. 210, 212 (1997).

In the present case, we discern no abuse of discretion or error in the judge's decision. The plaintiffs produced certified copies of the Florida judgment and exhibits related thereto. There is nothing in the record before us that supports the defendant's position that there was insufficient information before the judge to allow the motion for preliminary injunction. Furthermore:

> "the full faith and credit clause of the United States Constitution, art. IV, § 1, requires Massachusetts courts to recognize a final judgment obtained in another State as long as the judgment-rendering State possessed personal jurisdiction over the parties and jurisdiction over the subject matter of the action in which the judgment was rendered."

Bishins v. Mateer, 61 Mass. App. Ct. 423, 428 (2004). See Cavanagh v. Cavanagh, 396 Mass. 836, 839 (1986); Bassett v. Blanchard, 406 Mass. 88, 90 (1989). Here, the defendant does not argue that the Florida court lacked personal or subject matter jurisdiction. Rather, she argues that the Massachusetts court lacked jurisdiction. The defendant cites no relevant authority to support her claim. Moreover, subject matter jurisdiction exists in the Superior Court over the present action pursuant to G. L. c. 214, § 3.

5

We likewise discern no abuse of discretion in the judge's determination that the plaintiffs met their burden of demonstrating a substantial risk of irreparable harm in the absence of injunctive relief.  The record provides a clear basis for a determination that there was a substantial risk that the defendant might ultimately sell, transfer, assign, or encumber the real estate at issue, and that the risk of irreparable harm to the plaintiff outweighed the potential harm to the defendant in granting the injunction.

Finally, there is no merit to the defendant's claim that the present controversy is not justiciable.  Indeed, the defendant cites no relevant authority to support this proposition and we are unaware of any.  See Lyman v. Commissioner of Correction, 46 Mass. App. Ct. 202, 208 (1999) (failure to provide meaningful argument supported by proper authority may result in waiver of argument).[6]  Accordingly, on

---

[6] Other points, relied on by the defendant but not discussed in this decision, have not been overlooked.  We find nothing in them that requires further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

the record before us, we discern no error or abuse of discretion.[7]

Order allowing motion for
 preliminary injunction
 affirmed.

By the Court (Vuono, Neyman &
 D'Angelo, JJ.[8]),

_Paul Little_

Clerk

Entered:  October 17, 2024.

---

[7] We deny both the plaintiffs' request for an award of attorney's fees and the defendant's request for an award of costs.  Having addressed the merits of the defendant's claims, the defendant's pending motions for orders waiving the costs of transcripts and compelling action by the Clerk of the Superior Court, and to strike the plaintiffs' brief, are likewise denied.

[8] The panelists are listed in order of seniority.