CAROL CAMERON *vs.* MICHAEL J. CARELLI & others.[1]

No. 94-P-1304.

Essex. May 18, 1995. - August 10, 1995.

Present: WARNER, C.J., IRELAND, & GREENBERG, JJ.

*Practice, Civil.* Directed verdict, Record, Argument by counsel. *Rules of Appellate Procedure.*

At the trial of a civil action the judge correctly ruled that, in accordance with the allegations in the complaint, the plaintiff was proceeding against a certain defendant not as an individual but only as an agent or servant. [83]

This court declined to address on appeal the sufficiency of the evidence at a civil trial to withstand motions for directed verdicts, where the plaintiff appellant failed to comply with the requirements of Mass.R.A.P 18 (a) concerning the contents of the record appendix. [83-84]

This court declined to address an appellant's arguments where the brief did not support the issues raised with legal authority as mandated by Mass.R.A.P. 16 (a) (4), and thus did not rise to the level of appellate argument. [85-86]

CIVIL ACTION commenced in the Superior Court Department on October 26, 1992.

The case was tried before *Charles M. Grabau, J.*

The case was submitted on briefs.

*William S. Powell* for the plaintiff.

*David C. Jenkins* for Michael Carelli.

*Paul F. Degnan & Nancy M. Kirk* for Gordon Lewis & another.

WARNER, C.J. The plaintiff, Carol Cameron, filed a complaint alleging assault and battery, false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, and a violation of the Massachusetts Tort Claims Act. The complaint names Michael J. Carelli

---

[1]Gordon Lewis; Pacific Mills, Inc.; and the city of Lawrence.

(Carelli),[2] Gordon Lewis (Lewis), Pacific Mills, Inc. (Pacific Mills), and the city of Lawrence[3] as defendants. At the close of the plaintiff's case, Carelli, Lewis, and Pacific Mills filed motions for directed verdicts. The trial judge allowed the motions, and the plaintiff appeals.

We outline the facts from the limited and incomplete excerpts of the trial transcript made available by the parties. On March 15, 1992, the plaintiff attended a flea market allegedly operated by Pacific Mills under the direction of a manager, the defendant Lewis. Near the end of the day, the plaintiff attempted to purchase an item from a vendor, Joseph Darling (Darling), who refused to sell it for the stated price. A heated discussion ensued. Upset, the plaintiff left Darling's table and sought out Lewis to complain of Darling's conduct. Lewis returned with the plaintiff to Darling's table and discussed the incident with him. Shortly after this incident, the plaintiff was approached by defendant Carelli, a police officer for the city of Lawrence. Officer Carelli attempted to escort the plaintiff from the flea market because she had allegedly been bothering the manager. The plaintiff testified that Carelli grabbed her arms and started pushing and shoving her to force her to move more quickly. The plaintiff testified that she told Carelli that she could not move any more quickly due to arthritis and a slight heart problem. Carelli allegedly grabbed the plaintiff by the back of her coat, pushed her on top of a vendor's table, and cuffed her wrists behind her back. Carelli then resumed pushing the plaintiff, and she fell to the ground and was unable to get up due to her arthritis and the handcuffs. Officer Hale arrived at the scene, took custody of the plaintiff, and transported

---

[2]Each count of the complaint specifically refers to Carelli as "in the employ of the city of Lawrence and the Pacific Mills, Inc. and under the direction of the Pacific Mills, Inc. manager, Gordon Lewis" and as "acting . . . under color of his authority as a police officer, for the city of Lawrence."

[3]Prior to trial, a Superior Court judge granted the motion for summary judgment of the city of Lawrence on the ground that Cameron failed to make written presentment of the claim within two years as required by G. L. c. 258, § 4. The plaintiff did not appeal from this ruling.

her to the police station.[4] The plaintiff's complaint is based on the injuries allegedly inflicted by Carelli while he was acting under the direction of Lewis and in the employ of Pacific Mills.

At the close of the plaintiff's case, the trial judge allowed the defendants' motions for directed verdicts on the ground that the plaintiff had failed to present sufficient evidence to establish a principal-agent or master-servant relationship between Lewis, a manager for Pacific Mills, and Carelli.

1. *Limitation of action against Carelli.* The plaintiff argues that the trial judge abused his discretion in ruling that Carelli was named in the complaint as an agent or servant, but not as an individual. The plaintiff asserts that the complaint specifically named Carelli as an individual. This argument is a misstatement of the complaint. The plaintiff's complaint clearly refers to Carelli only as an agent or servant, and not as an individual. See note 3, *supra.*

2. *Insufficiency of the plaintiff's appendix.* The plaintiff argues that she presented sufficient evidence to meet her burden of proof and that the judge should not have granted the motions for directed verdicts.

A motion for a directed verdict is properly granted "only where, construing the evidence most favorably to the plaintiff, it is still insufficient to support a verdict in [her] favor." *Alholm* v. *Wareham,* 371 Mass. 621, 627 (1976). *Power Serv. Supply, Inc.* v. *E.W. Wiggins Airways, Inc.,* 9 Mass. App. Ct. 122, 127 (1980). See also *Monterosso* v. *Gaudette,* 8 Mass. App. Ct. 93, 95 (1979). Due to the insufficiency of the record, we are unable to review the evidence presented at trial to determine whether the plaintiff met her burden of proof. The plaintiff failed to include all portions of the trial transcript that are crucial to our review of the evidence in the record appendix, as required by Mass.R.A.P. 18(a), as amended, 378 Mass. 940 (1979). *Kunen* v. *First Agric. Natl.*

---

[4]Hale's testimony contradicted that of the plaintiff. He testified that, upon arriving at the scene, the plaintiff was sitting on the ground with her arms and legs crossed and refused to move. Hale testified that Carelli lifted the plaintiff to her feet and then cuffed her hands.

*Bank*, 6 Mass. App. Ct. 684, 689 (1978). *State Line Snacks Corp.* v. *Wilbraham*, 28 Mass. App. Ct. 717, 720 (1990). *Shawmut Community Bank, N.A.* v. *Zagami*, 30 Mass. App. Ct. 371, 372 (1991), *S.C.*, 411 Mass. 807 (1992). *P & F Constr. Corp.* v. *Friend Lumber Corp.*, 31 Mass. App. Ct. 57, 62 (1991). Compare *Menard* v. *McCarthy*, 410 Mass. 125, 128 (1991); *Holleman* v. *Gibbons*, 27 Mass. App. Ct. 563, 568 (1989). The plaintiff's appendix contains only limited excerpts of the transcript. Specifically, it includes one side-bar discussion and the plaintiff's direct testimony, but it does not contain any testimony addressing the existence of a principal-agent or master-servant relationship.[5] An appellant's obligation to include those parts of the trial transcript and copies of motions "which are essential for review of the issues raised on appeal . . . . is a fundamental and long-standing rule of appellate civil practice." *Shawmut Community Bank, N.A.* v. *Zagami, supra* at 372-373.[6] As a result of the plaintiff's failure to comply with the requirements of Mass.R.A.P. 18(a) concerning the contents of the appendix, we are unable to address the issue of the sufficiency of evidence.[7]

---

[5]The appendix to the brief of defendant Carelli contains some portions of the transcript, but none that pertains to this issue.

[6]Massachusetts Rule of Appellate Procedure 18(b) was amended in 1994 as follows: "The parties shall not engage in unnecessary designation and may refer to parts of the record not included in the appendix if permitted by the appellate court or a single justice pursuant to the provisions of Rule 18(a) or 18(f). *However, this does not affect the responsibility of the parties to include materials necessary to their appeal, including exhibits, in the appendix*" (emphasis supplied). See also Reporters' Notes to Mass.R.A.P. 18(b), Mass. Ann. Laws, Rules of Appellate Procedure at 21 (Law. Co-op. Supp. 1995).

[7]Although we find the portions of the transcript contained in the appendices inadequate to determine the sufficiency of the evidence, we do note that the portions of the transcript provided suggest that the plaintiff did not meet her burden of proof concerning the existence of a master-servant or principal-agent relationship between Pacific Mills-Lewis, and Carelli. The only evidence as to agency went to the relationship between Lewis and Pacific Mills. The plaintiff testified on direct that a security guard indicated Lewis was the manager of the flea market and that she personally witnessed Lewis exercising his authority by reprimanding a teenager who fell into a wired-off area.

The portions of the transcript provided by Carelli suggest that the plain-

3. *Inadequacy of the plaintiff's brief.* The plaintiff's brief fails to support the issues raised with legal authority, as mandated by Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975). An appellant's brief must set forth an "argument, which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Mass.R.A.P. 16(a) (4). This rule of appellate procedure concerning the content of an appellant's brief is more

---

tiff failed to present any evidence of agency despite the trial judge's warning that it was necessary to the plaintiff's case. The following exchange occurred:

| | |
|---|---|
| COUNSEL FOR DEFENDANT CARELLI: | "And if the agency relationship between Pacific Mills and Carelli is not established through evidence at trial, if that relationship is not established, then Carelli would be subject to dismissal?" |
| JUDGE: | "Yes . . . So, you may sit here through the whole trial or you may have a directed in your hands." |
| COUNSEL FOR DEFENDANT CARELLI: | "I just want to understand how —" |
| JUDGE: | "[Counsel for the plaintiff] understands. He's got the burden of showing by the fair preponderance of the evidence, a master/servant or agency relationship, to show that Carelli was under control or right of control by Pacific Mills . . . . Anything you want to say, [counsel for plaintiff]?" |
| COUNSEL FOR PLAINTIFF: | "No, Your Honor, except that it was the intent of Officer Carelli individually, as well as, and it bothers me that for some other reason he would not be in there." |
| JUDGE: | "Well, you tell me where in what paragraph do you allege Carelli as an individual in here? . . . I read it over and over and I don't see him alleged individually." |

See note 3, *supra.*

Later, at a bench conference, the trial judge asked plaintiff's counsel whether Carelli would be called as a witness. Plaintiff's counsel responded, "It would depend, if my brother is going to put him on the stand I wouldn't have to call him." The judge replied, "You have a right to call him if you want and you can cross-examine him."

It appears that plaintiff's counsel did not call Carelli as a witness to testify as to the agency relationship.

than a "mere technicality. It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority." *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958) (characterizing "terse and very sketchy" references to exceptions in plaintiff's brief as falling short of anything that could properly be called argument). The plaintiff's brief, which does not contain a single citation to a case or statute, merely sets out alleged testimony pertaining to the plaintiff's claimed injuries and fails to address the pivotal issue of agency or master-servant relationship.[8] We decline to address the plaintiff's cursory and unsubstantiated argument, as it does not rise to the level of acceptable appellate argument. *Lolos* v. *Berlin, supra. Tobin* v. *Commissioner of Banks*, 377 Mass. 909, 909 (1979). *McCone* v. *New England Tel. & Tel. Co.*, 393 Mass. 231, 236 (1984) (declining to consider appellant's "cursory and conclusory" argument which lacked support of legal authority). *Powers* v. *Secretary of Admn.*, 412 Mass. 119, 130 (1992). *Adoption of Kimberly*, 414 Mass. 526, 536-537 (1993). *Greater Media, Inc.* v. *Department of Pub. Util.*, 415 Mass. 409, 418 (1993). *Larson* v. *Larson*, 30 Mass. App. Ct. 418, 428 (1991). *Baird* v. *Massachusetts Bay Transp. Authy.*, 32 Mass. App. Ct. 495, 499 (1992) (holding appellate argument consisting of one sentence "unsupported by citation or articulated reasoning" insufficient).

*Judgments affirmed.*

---

[8]The plaintiff admits that she did not present evidence on the master-servant or principal-agent relationship, and claims that she was unable to do so because of a "ruling" by the trial judge. She argues that the trial judge allowed Carelli "the luxury of not having to take the stand in defense of his actions" thereby foreclosing the plaintiff's opportunity to question him as to his relationship with Lewis and Pacific Mills. This allegation is directly contradicted by the trial transcript excerpt provided by Carelli which indicates the trial judge suggested that the plaintiff's counsel call Carelli to the stand. See note 5, *supra*.