Plaintiff Reznik appeals from the dismissal of his appeal in the Appellate Division of the District Court from a judgment entered in favor of the defendants. The underlying action was brought by the plaintiff for negligence following an automobile accident with the defendants. In the Appellate Division's decision, it is noted that the plaintiff appealed
"from several pretrial rulings involving adding a party, a deposition, purportedly improper discovery responses, and recusal. But overarching all of these issues is the ultimate sanction of dismissal for wilful violations of court orders and personal attacks against the litigants, counsel, and the motion judge without any support. The ultimate sanction of dismissal is generally appropriate only in 'measurably aggravated circumstances,' ... [and] 'requires more careful scrutiny.' " (Footnote and citations omitted.)
Notwithstanding his broad claims, Reznik included in his Appellate Division record "only selected trial court filings that ... advance the plaintiff's claim of error" and that otherwise constituted only a small portion of the trial materials directly at issue.[3] The Appellate Division therefore concluded that Reznik had failed "to comply with the Rules for Appellate Division Appeal" because he "has not presented to this Division the full record necessary for examination of the merits of dismissal."
The same record deficiencies described by the Appellate Division are present here but in more pronounced form. "The appeal before us is from the 'final decision of the appellate division,' ... and is on the record before that court." Worldwide Commodities, Inc. v. J. Amicone Co., 36 Mass. App. Ct. 304, 307 (1994) (citation omitted). Regardless, as measured by the proposed Appellate Division record index appended to Reznik's brief, Reznik did not include in his present appendix even a minor percentage of the materials as were before the Appellate Division. We note, for example, that the motion, described in the margin, which the Appellate Division cited to illustrate Reznik's record deficiencies has not been reproduced in Reznik's present appendix even though that motion (but not its exhibits or other referenced materials) was before the Appellate Division. It is Reznik's burden to provide this court with a record sufficient to allow meaningful appellate review. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997); Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995). Having failed to provide us the entire Appellate Division record Reznik has not satisfied his burden and we are unable to review his claims.
Were we to address Reznik's argument we would reject it. Contrary to his unsupported assertion, the Appellate Division did not rule that his appeal should have been presented under Dist./Mun.Cts.R.A.D.A. 8A (1994), notwithstanding that Reznik specifically designated his appeal as being under Dist./Mun.Cts.R.A.D.A. 8C (2013), and was therefore subject to dismissal. Instead, the Appellate Division ruled that however considered, whether under the reduced record requirements of a rule 8A "expedited" appeal or the more expansive rule 8C requirements, Reznik failed to provide sufficient record material to permit meaningful review. Reznik has not brought to our attention anything that might cause us to question that conclusion.
No error appearing, the decision of the Appellate Division is affirmed. Reznik's present appeal appears to have been interposed solely for purposes of harassment, wholly lacks legal or factual basis, and otherwise is frivolous. We allow the appellees' request for an award of appellate attorney's fees and double costs and invite the defendants to file a verified, itemized application for fees and costs within fourteen days of rescript. Reznik will have fourteen days thereafter in which to file any opposition to the amounts requested. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).
So ordered.
Affirmed.

As an example, the Appellate Division noted that a "motion [Reznik included in the appellate record] filed by the defendants [in the District Court] to have the plaintiff's complaint dismissed references a compilation of fourteen memoranda, motions, and correspondence that the judge was provided in evaluating the merits of the motion. It also references exhibits to the motion itself." As best we can determine, none of these attached and referenced materials were included in the record before the Appellate Division.