The plaintiff, a prisoner confined within the Massachusetts Department of Correction, filed suit claiming that his civil rights were violated when the defendant gave him "a wrong medication for pre-existing medical condition." A Superior Court judge allowed the defendant's motion to dismiss for failure to state a claim pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and dismissed the complaint with prejudice. On appeal, the defendant claims the judge (1) erred in concluding that the complaint failed to state a claim, and (2) abused his discretion by failing to sua sponte grant the plaintiff leave to amend his complaint. We affirm.
The plaintiff's brief consists primarily of general descriptions of the standard for reviewing the sufficiency of a complaint. Such descriptions, unaccompanied by reasoned argument, "fail[ ] to support the issues raised with legal authority, as mandated by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975)." Cameron v. Carelli, 39 Mass. App. Ct. 81, 85 (1995). Nevertheless, we have reviewed the complaint de novo. See Lopez v. Commonwealth, 463 Mass. 696, 700-701 (2012). It makes reference to a single event in which an unknown health care provider treated the plaintiff's unspecified pre-existing condition with an unknown "wrong" medication, which the plaintiff claims caused swelling and numbness to his left side. We agree with the judge that these allegations, even assuming them to be true, are not sufficient "to raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
We review decisions regarding leave to amend a complaint for abuse of discretion. Johnston v. Box, 453 Mass. 569, 582 (2009). While "Massachusetts employs liberal amendment rules," ibid., nothing in those rules requires a judge to provide further leave to amend a complaint sua sponte upon a determination that the complaint is deficient. Here, the defendant's motion to dismiss notified the plaintiff of the claimed deficiencies in the complaint. In response, the plaintiff did not allege additional facts, did not describe the substance of any proposed amendment, and did not move to amend the complaint to correct the deficiencies. In the absence of a motion, the judge was not required to allow leave to amend the complaint. See ibid. Accordingly, we discern no abuse of discretion.
Order allowing motion to dismiss affirmed.