This action arose out of the renovation of a townhouse in Chestnut Hill. David and Brenda Nager (sometimes referred to as homeowners) brought a nine-count complaint against James J. Shiels, Jr., doing business as Shiels General Contracting (Shiels); James Dodd; and his company Dodd Woodworking, Inc. (Woodworking).[5] Following a four-day, jury-waived trial, a judge found, largely on agreed facts, in favor of the homeowners on their legal claims related to a radiant floor heating system. Although the judge found in favor of the Nagers on part of their G. L. c. 142A claims, she awarded no damages. The judge rejected the Nagers' G. L. c. 93A claims as well as their principal claims related to the custom kitchen cabinets fabricated and installed by Dodd and Woodworking. Ruling on the Nagers' motion to amend the judgment, the judge made additional findings regarding the wine storage room and denied the motion.[6] This timely appeal ensued.
We begin by noting that most of the issues raised are not properly before us. The judge based her findings of fact on all the evidence. The Nagers, however, have presented us with only limited excerpts from the trial transcript and what they deemed the relevant trial exhibits. In light of these record inadequacies, we are unable to assess any evidentiary insufficiency arguments. See Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995). The judge's factual findings must stand.[7] See R.M. Packer Co. v. Marmik, LLC, 88 Mass. App. Ct. 654, 655 n.2 (2015). Were we to reach the merits, we would conclude that the Nagers have not demonstrated clear error in any findings. See Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636-637 (2010).
The judge's rulings of law and conduct at trial are open to review. See Central Ceilings, Inc. v. Suffolk Constr. Co., 91 Mass. App. Ct. 231, 235 (2017). We discern no error.
First, the judge did not err by questioning Shiels directly at the trial. Given the Nagers' theory of liability, the judge properly inquired about the percentage fees, if any, Shiels received from Woodworking and from his acknowledged subcontractors. The evidence was relevant to the existence of a subcontractor relationship, a central issue in the case. See Commonwealth v. Hassey, 40 Mass. App. Ct. 806, 810 (1996).
In light of the judge's unassailable subsidiary findings and credibility assessments, the Nagers cannot demonstrate error in the judge's conclusion that the Nagers did not prove fraud in the inducement and violations of G. L. c. 142A, § 17.[8]
Notwithstanding the Nagers' success on some of their common-law claims, the judge was not required to find Shiels liable under G. L. c. 93A. The judge found that Shiels genuinely attempted in good faith to resolve the Nagers' problems, and that "[t]here was absolutely no evidence" that he engaged in any unfair or deceptive conduct. Although a breach of the implied covenant of good faith and fair dealing may constitute an unfair or deceptive act or practice for purposes of c. 93A, the judge could properly have found that the evidence supporting the breach here did not constitute a violation of G. L. c. 93A. See Massachusetts Employers Ins. Exch. v. Propac-Mass., Inc., 420 Mass. 39, 43 (1995). The judge was also warranted in rejecting the Nagers' claim that Shiels's minor breach of warranty was a per se violation of c. 93A. See Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 176-177 (2013) ; Sharp v. Hylas Yachts, LLC, 872 F.3d 31, 49-50 (1st Cir. 2017).
Shiels's failure to respond to the demand letter does not change the result we reach. At its heart, this case concerned a garden-variety contract dispute. "[A] good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c. 93A claim is made." Duclersaint v. Federal Natl. Mort. Assn., 427 Mass. 809, 814 (1998). Accord Aggregate Indus.-N.E. Region, Inc. v. Hugo Key & Sons, Inc., 90 Mass. App. Ct. 146, 152 (2016) ("Ordinary contract disputes, or the failure to negotiate a settlement in lieu of litigation ... typically fall outside of the reach of the statute").
Judgment affirmed.
Order dated November 29, 2016, denying plaintiffs' motion to amend judgment affirmed.

During the pendency of the trial court proceedings, Dodd sought bankruptcy protection on behalf of himself and Woodworking. The Nagers' claims against Dodd were subsequently discharged in bankruptcy. No creditors received distributions in connection with Woodworking's liquidation. Neither Dodd nor Woodworking is a party to this appeal.

The Nagers have not addressed the propriety of that ruling in their brief. We deem their appeal of the order denying the motion waived.

These include findings that Woodworking was not Shiels's subcontractor; the Nagers (and not Shiels) supervised Woodworking; and Shiels did not make any misrepresentations, or act fraudulently.

The Nagers do not challenge the judge's ruling that because they did not suffer a loss as a result of Shiels's violations of G. L. c. 142A, § 2(a ), they were not entitled to any recovery under G. L. c 93A. See Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 801 (2006).