The plaintiff, Teries Isckarus, filed the underlying action seeking to set aside the foreclosure sale of her residence. A Superior Court judge dismissed the complaint for failure to state a claim pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), and judgment entered for the defendants. The plaintiff challenges the dismissal on appeal. We affirm.
It is the plaintiff's burden to provide us with a record that supports her claims on appeal. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997); Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995). Other than a copy of the motion judge's decision, which the plaintiff has appended to her brief, she has provided no record at all.[3] In particular, the plaintiff has failed to provide a copy of her complaint. Without the complaint, we are unable to determine whether the plaintiff sufficiently stated facts that might plausibly entitle her to relief from the defendants.
Moreover, the plaintiff's brief does not adequately inform us of the nature and basis of her claims on appeal or the error, if any, purportedly made by the motion judge. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Cameron v. Carelli, supra at 85-86. The plaintiff does not explain why the foreclosure was "[i]llegal" or identify what steps in the foreclosure process may not have been followed. Such "bald assertions ... lacking legal argument and authority" are not appropriate appellate argument. Zora v. State Ethics Commn., 415 Mass. 640, 642 n.3 (1993).[4]
Judgment affirmed.

Because the documents appended to the plaintiff's notice of appeal do not appear to have been before the motion judge, we do not consider them. See Delisle v. Commonwealth, 416 Mass. 359, 361 n.2 (1993).

The request by defendant Cummingham, Machanic, Cetlin, Johnson, Harney & Tenney, LLP, for fees and costs, unsupported by citation to authority, is denied.