Lotte LLC (Lotte) appeals from a judgment dismissing its breach of contract complaint. We affirm.
Background. We summarize the facts alleged in Lotte's complaint and the attached lease. On May 14, 2015, Peter Young and Lotte executed a lease for certain premises. The lease specifically identifies the "landlord" as "Lotte LLC" and the "tenants," plural, as "Heather Reynolds" and "Peter Yonag" [sic ].[2] Although the lease contains separate execution lines for both identified tenants, only Young's signature appears. The lease attached to Lotte's complaint does not show Reynolds's signature. According to Lotte, two days after signing the lease, Young "stated he would not be renting the property nor paying any of the monies due under the lease."
Lotte filed a complaint against Young alleging breach of contract. A Superior Court judge dismissed Lotte's complaint on Young's motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974).[3]
Discussion. "We review the allowance of a motion to dismiss de novo. ... We accept as true the facts alleged in the plaintiff['s] complaint as well as any favorable inferences that reasonably can be drawn from them." Galiastro v. Mortgage Electronic Registration Sys., Inc., 467 Mass. 160, 164 (2014). We also take into account "exhibits attached to the complaint." Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) (citation omitted). To survive a motion to dismiss, a plaintiff must include in the complaint factual allegations that rise above the level of speculation. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).
Lotte's complaint was properly dismissed. Lease paragraph 21 provides, correcting for spelling and other clerical errors, that:
"No rights or obligations are hereunder conferred upon either party until this lease agreement has been executed by both Landlord and Tenant, and a fully executed copy of the lease agreement has been delivered to both parties according to the terms hereof."
Lease paragraph 28 continues that:
"This lease agreement may be executed in several counterparts, ... however, this lease agreement shall not be effective or enforceable against any party hereto until all parties have executed at least one counterpart of the lease and all parties have received a counterpart of all signatures" (emphasis added).
Reynolds is, under the lease's explicit terms, an identified "tenant" and a party to the lease. Lotte does not allege that Reynolds executed the lease or received any counterpart, or that Young was authorized to act on Reynolds's behalf. As such, the lease, by its own terms, never became effective and may not be enforced. Compare Licata v. GGNSC Malden Dexter LLC, 466 Mass. 793, 803 (2014) (patient not bound by arbitration agreement with nursing home where patient did not execute agreement and signatory not authorized to sign on patient's behalf).
Notwithstanding, Lotte suggests that extrinsic evidence in the form of text messages between Young and Lotte demonstrate that Young either waived the lease's full execution requirements or otherwise intended to be bound separately from Reynolds. At the motion hearing, Lotte's counsel represented that there were text messages in which Young purportedly "confirm[ed] that he sent a signed lease." The deficiencies in Lotte's argument are twofold. First, the text messages on which Lotte relies are not in the record. Second, Lotte's representation of the messages at most suggests that Young signed and returned a copy of the lease, not that Young either waived the lease's full execution requirements or otherwise agreed to be bound as the sole tenant given Reynolds's failure to execute. Therefore, even considering the messages, dismissal of Lotte's complaint was proper.[4]
Judgment affirmed.

Young does not dispute that he is the "Peter Yonag" identified by the lease.

The judge allowed Young's motion and dismissed Lotte's complaint "for the reasons stated in the defendant's [Young's] memorandum." Young argued that the lease agreement was not a fully executed contract.

Lotte's argument that the complaint should have been dismissed without prejudice is not supported by legal authority in the brief, as mandated by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and consequently does not rise to the level of proper appellate argument. See Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995).