On appeal from an adjudication, following a jury-waived trial, that the defendant is a sexually dangerous person (SDP), the defendant contends that the Commonwealth's evidence at trial was insufficient to support that conclusion. We discern in the defendant's challenge no cause to disturb the judgment, and affirm.
"To establish that the defendant is an SDP, the Commonwealth was required to prove that (1) the defendant was convicted of a sexual offense; (2) the defendant suffers from a mental abnormality or personality disorder; and (3) the defendant's mental abnormality or personality disorder makes him likely to engage in sexual offenses if not confined to a secure facility." Commonwealth v. Cahoon, 86 Mass. App. Ct. 266, 268 (2014), citing G. L. c. 123A, § 1. The statute, G. L. c. 123A, § 1, defines "[p]ersonality disorder" as "a congenital or acquired physical or mental condition that results in a general lack of power to control sexual impulses," and defines "[m]ental abnormality" as "a congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons."
As a threshold matter, we observe that the defendant has not furnished us with a transcript of the trial. Without a transcript, we are without capacity to assess the defendant's claims concerning the sufficiency of the evidence. The defendant's claims may be rejected on that ground alone. See, e.g., Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995).
The defendant's argument fares no better even if we assess it on the basis of those portions of the evidence described in the parties' briefs. The Commonwealth's brief advises (and the defendant does not appear to contest) that the Commonwealth's expert, qualified examiner Dr. Robert Joss, offered testimony directed to each of the required elements, in each instance offering his opinion that the element was satisfied. The judge was entitled to credit the expert's testimony. See Commonwealth v. Sargent, 449 Mass. 576, 583 (2007). To the extent the defendant's argument rests on contrary or divergent testimony by experts he presented at trial, it overlooks the fundamental prerogative of the trial judge, as finder of fact, to determine which evidence to credit (or not) and how to weigh the evidence she credits.
At oral argument, the defendant advanced a separate argument, to the effect that the judge should not have allowed Joss to offer certain opinion testimony, on the ground that it was not scientifically valid. However, the defendant raised no challenge to the evidence on Daubert-Lanigan grounds before trial, see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) ; Commonwealth v. Lanigan, 419 Mass. 15 (1994), and there is no indication from the materials before us that he objected to the testimony at trial. The mere fact that there is disagreement among expert witnesses does not necessarily render any of the expert opinions invalid. See Commonwealth v. Torres, 442 Mass. 554, 581 (2004). In any event, the defendant's suggestion at oral argument that the trial judge has an inherent "gatekeeping responsibility" concerning the quality and the basis of expert opinion testimony is misplaced in reference to a jury-waived trial such as occurred in the present matter.
For these and the other reasons explained in the Commonwealth's brief, the judgment is affirmed.
So ordered.
Affirmed