NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1379

HOWARD PAYNE

vs.

SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION-SHIRLEY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment dismissing his amended complaint. We affirm.

Background. As of the filing of this appeal, the plaintiff, Howard Payne, was an inmate at the Massachusetts Correctional Institution-Shirley. In his complaint and amended complaint, both filed in the Superior Court, the plaintiff alleged that much of his personal property was wrongly taken

---

[1] Raymond Marchilli, individually and in his capacity as superintendent of Massachusetts Correctional Institution-Shirley (MCI-Shirley); David Shaw, individually and in his capacity as commander of the IPS (Inner Perimeter Security) at MCI-Shirley; and Mark Richard, individually and in his capacity as a sergeant of the IPS at MCI-Shirley.

from him by security officers.  Despite filing multiple grievances, some of which were approved in part, he alleged that "almost all" of his personal property, including canteen purchases, stamps, and other items, were not returned.  The plaintiff alleged that he appealed the denial of his grievances to defendant Raymond Marchilli who never responded.  Finally, the plaintiff alleged that he was ridiculed and threatened by defendants David Shaw and Mark Richard.

On September 21, 2016, the plaintiff filed the present action in the Superior Court, seeking declaratory judgment, injunctive relief, equitable relief, and damages for civil rights and constitutional violations.[2]  On April 27, 2020, the defendants filed a motion to dismiss or in the alternative for summary judgment.  On April 8, 2022, a Superior Court judge allowed the motion.  The judge ruled that "[u]pon review, and because plaintiff failed to file a timely opposition, the defendants' motion to [d]ismiss is unopposed . . . [and] ALLOWED."  The judge further ruled that "it appears that plaintiff has not taken any action to prosecute this matter except to seek an enlargement of time in July of 2020 and then

---

[2] On June 16, 2017, a Superior Court judge allowed the defendants' motion to dismiss as to defendant Marchilli but denied the motion as to defendants Shaw and Richard.  On June 29, 2017, the plaintiff filed an amended complaint in the Superior Court.

2

failed to file any opposition."  A judgment of dismissal entered, and the plaintiff now appeals therefrom.[3]

Discussion.  The plaintiff argues, in essence, that the "evidence before the [S]uperior [C]ourt was adequate and sufficient to warrant relief," and thus the judge erred in dismissing the amended complaint.  However, the plaintiff does not address the central issue on appeal:  whether the judge abused her discretion by dismissing the amended complaint for failure to prosecute and failure to file any opposition to the defendants' motion to dismiss.  Indeed, the plaintiff provides no explanation whatsoever for his failure to prosecute the case and failure to file any response to the defendants' motion despite having had two years to do so.

Furthermore, our review is hampered by the plaintiff's failure to comply with the Massachusetts Rules of Appellate Procedure.  In this regard, we first note that the plaintiff does not cite to any legal authority to support the argument in his appellate brief.  An appellant's brief must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies."  Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass.

---

[3] A single justice of this court allowed the plaintiff's motion to docket appeal late.

3

1628 (2019). The rule "is more than a 'mere technicality. It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'" Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995), quoting Lolos v. Berlin, 338 Mass. 10, 14 (1958).

In addition, the plaintiff filed an informal brief and record appendix, which does not include a copy of the defendants' "motion to dismiss or in the alternative for summary judgment," other moving papers, or any portion of the summary judgment record. It is "a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record] which are essential for review of the issues raised on appeal." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373, (1991), S.C., 411 Mass. 807 (1992). See Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019). Without these documents, we are left to speculate as to the content and merits of the motion. Consequently, on the record before us, we cannot say that the judge abused her discretion in dismissing the amended complaint. See Mass. R. Civ. P. 41 (b), 365 Mass. 803 (1974). See also L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion occurs where judge made clear error of judgment in weighing factors relevant to decision "such that

4

the decision falls outside the range of reasonable alternatives").

Judgment affirmed.

By the Court (Neyman,
  Desmond & Singh, JJ.[4]),

Clerk

Entered:  October 25, 2024.

---

[4] The panelists are listed in order of seniority.