NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-206

DONNA PIERRE

vs.

JOHN GRADY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Donna Pierre (mother) appeals from a June 3, 2022 contempt judgment, in which she was found guilty of contempt for refusing to allow John Grady (father) to have court-ordered parenting time with their child. The contempt judgment further provided that (1) the father was entitled to receive at least ten hours of make-up parenting time, to be exercised by extending his visits with the child by two hours (or by extending one visit by an additional day); and (2) that the mother had to pay the father's attorney's fees in the amount of $500.

As a result of mother's failure to comply with the requirements of the Massachusetts Rules of Appellate Procedure, we are unable to identify, let alone address, any alleged claims

of error.  "An appellant's brief must set forth an 'argument, which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor[e], with citations to the authorities, statutes and parts of the record relied on'" (citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 85 (1995).  See Mass. R. A. P. 16 (a), as appearing in 481 Mass. 1628 (2019).  The mother's brief, which does not contain any citations to relevant authority or any argument that addresses the propriety of the contempt judgment, simply sets forth the history of the parties' conflicts and grievances.  In short, the brief does not rise to the level of acceptable appellate argument, and, as a result, all arguments are waived.  See Cameron, supra at 85-86.

Judgment affirmed.

By the Court (Vuono, Singh & Hershfang, JJ.[1]),

Clerk

Entered:  January 30, 2025.

---

[1] The panelists are listed in order of seniority.

2