NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-428

JAMES P. VANDER SALM

vs.

KARA P. FONTENOT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, James P. Vander Salm (father), and the defendant, Kara P. Fontenot (mother), are the parents of two young children.  The father appeals from a child custody judgment issued by a judge of the Probate and Family Court pursuant to G. L. c. 209C.  The father also appeals the judge's award of fees to the mother.  We affirm.

Background.  The parties, who were never married, ended their romantic relationship in March 2020.  They sought a determination of custody, support, and parenting time pursuant to G. L. c. 209C in October 2020.[1]  On October 23, 2020, a judge

---

[1] The parties later agreed that mother would dismiss her complaints, and that father's complaints, filed on October 15, 2020, are the operative complaints.

of the Probate and Family Court issued a temporary order setting a split-week parenting schedule, with other provisions not relevant to this appeal. The schedule specified that the mother would have parenting time with the children for eight overnights in each fourteen-day period and the father would have parenting time for six.[2] On September 21, 2022, after a four-day trial, the judge issued a final judgment, together with detailed findings of facts and conclusions of law. The judgment maintained the temporary order's split-week schedule during the school year, with summers split evenly on an alternating-week basis. The judgment also provided that, because the parents could not agree, the mother would have control of haircut decisions for the children until the children were old enough to provide input. The father timely filed a notice of appeal on October 18, 2022. On November 3, 2022, the judge amended the findings of fact and conclusions of law in support of the judgment, supplementing the findings with respect to haircuts and slightly altering the legal discussion.[3] On November 21,

_____

[2] Under the schedule, the mother had parenting time each Sunday, Monday, and Tuesday night, while the father had parenting time Wednesday and Thursday nights. The parents alternated Friday and Saturday nights.

[3] The father argues the judge's decision to amend the findings and conclusions was evidence of bias. He cites no legal authority, nor have we found any, for the proposition that it was improper for the judge to expand on the decisions in the order to aid the appellate process. The remainder of his bias

2

2022, the judge awarded the mother prospective appellate attorney's fees.  The father timely filed a supplemental notice of appeal from the amended findings and conclusions and the prospective fee award on December 1, 2022.[4]

The judge's well-reasoned amended findings and conclusions described the course of the former couple's history parenting the children in detail.  The judge found that both parents were devoted to their children and had a close bond with them, but that the parents had difficulty agreeing in a number of parenting arenas.  A large point of contention was authority over the children's haircuts, after the father gave one child what the judge characterized as a "short, random and uneven" haircut.  Despite the parents' tendency to disagree, the judge found it was in the children's best interests that the parties share legal and physical custody of the children.  The judge found that neither party was the primary caretaker, but that their difficulty in cooperating with each other meant the best

_____

argument amounts to a conclusory disagreement with the judge's weighing of the evidence, and as such does not rise to the level of appellate argument.  See Cameron v. Carelli, 39 Mass. App. Ct. 81, 85 (1995).

[4] The amended findings entered nunc pro tunc to May 13, 2022, and, thus, we treat them as incorporated into the judgment dated September 21, 2022, and entered nunc pro tunc to May 13, 2022.  Because the findings and amended findings also address the father's posttrial motions to reopen evidence that were identified in his notices of appeal, we treat those orders as subsumed in the judgment.

interest of the children was to maintain the temporary order's regular, split-week schedule during the school year to allow for scheduling weekday activities.

Discussion. 1. Abuse of discretion. The father argues that the allocation of parenting time and award of legal custody over haircut decisions were abuses of the judge's discretion.[5] The father also argues, despite the fact that he proposed the same method of calculating parenting time (albeit with the father, rather than the mother, having eight out of fourteen overnights), that the parenting time order violated his due process rights. We take each argument in turn.

a. Standard of review. "In custody matters, the touchstone inquiry [is] . . . what is best for the child, and [t]he determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . must stand unless they are plainly wrong" (quotations omitted). Malachi M. v. Quintina Q., 483 Mass. 725, 740 (2019), quoting Hunter v. Rose, 463 Mass. 488, 494 (2012).

_____

[5] The father also argues that the judge lacked the discretion to allocate legal custody of haircut decisions for the children to mother because it was not a specified issue in the pretrial order, pursuant to Mass. R. Dom. Rel. P. 16. As the judge's amended conclusions of law make clear, responsibility for haircuts was within the scope of "custody," which was explicitly within the scope of the pretrial order. His argument that the "haircut order" was an abuse of discretion cites no law and does not rise to the level of appellate argument. See Cameron, 39 Mass. App. Ct. at 85.

4

A judge abuses their discretion where "we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives." Macri v. Macri, 96 Mass. App. Ct. 362, 369 n.13 (2019), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

b. Parenting time order. The heart of the father's argument for why the parenting time order was an abuse of discretion is that the judge found the parties to be approximately equal parents yet allocated the mother a majority of parenting time. By focusing on the judge's finding that "neither parent could be said to have been the children's primary caretaker," the father extrapolates that the only basis for the judge's decision was the fact that the children had acclimated to such a schedule while the temporary order was in effect. This misconstrues the judge's findings. While lauding each parent's individual parenting abilities, the judge also found that the parties had difficulty agreeing on scheduling activities that would not infringe on the other parent's time with the children. For example, while the temporary order schedule was in effect, one parent would enroll a child in an activity, such as soccer or preschool, but the other parent would not facilitate the child's participation during their parenting time.

The judge determined that the split-week schedule would be in the best interests of the children because, given the history between the parties, it would allow each parent to schedule regular weekday activities on their own nights.  This was an appropriate factor for the judge to consider.  See D.B. v. J.B., 97 Mass. App. Ct. 170, 181 (2020) (judge may consider "any factors pertinent to [the best interests of the children] in the circumstances of the dispute" [citation omitted]).  Under such a schedule, however, it was impossible to allocate a completely even split of parenting time.  In determining allocation of the extra parenting time, it was appropriate for the judge to consider the children's acclimation to the schedule under the temporary order.  See id.  See also Custody of Kali, 439 Mass. 834, 844 (2003) ("it is not in the child's best interests to disrupt [a] successful arrangement").  The judge found that the children had adjusted well under the schedule -- they were in safe, nurturing, and educational environments, and their parents spend time with them doing a variety of enriching activities. The father points to no evidence that the children were doing poorly under the arrangement.  Accordingly, we cannot say that the judge's finding that the children had adjusted well was "plainly wrong," Malachi M., 483 Mass. at 740, or that the decision to continue the split-week schedule during the school

6

year was "outside the range of reasonable alternatives" (citations omitted).  Macri, 96 Mass. App. Ct. at 369 n.13.

c.  Appellate fees.  The father argues that it was an abuse of discretion for the judge to award prospective appellate fees, taking issue not with the judge's authority to award such fees, but rather with the judge's determination that the father was able to pay them.  "As long as an award of attorney's fees is not incommensurate with an objective evaluation of the services performed . . . [t]he award of such costs generally rests in sound judicial discretion.  . . .  [T]he award . . . may be presumed to be right and ordinarily ought not to be disturbed" (quotations omitted).  Silverman v. Spiro, 438 Mass. 725, 730 (2003), quoting Ross v. Ross, 385 Mass. 30, 38-39 (1982).  The judge may consider as a relevant factor "the financial positions of the parties," among others.  Cooper v. Cooper, 62 Mass. App. Ct. 130, 141 (2004), quoting Downey v. Downey, 55 Mass. App. Ct. 812, 819 (2002).  Here, the judge determined that the mother had already expended $97,700 litigating the custody case, while the father, an attorney appearing pro se at times, listed no current attorney's fees paid.  We cannot say the judge's evaluation of the parties' financial positions was "outside the range of

reasonable alternatives" (citation omitted).  Macri, 96 Mass.
App. Ct. at 369 n.13.[6]

2.  Due process.  Father also argues that the judge's
parenting time order violated his right to due process of law
because the permanent order maintained much of the schedule
imposed in the temporary order.  He argues that, because the
hearing for that order was nonevidentiary, he was not fully
heard at the outcome-determinative stage of the process.
Parents certainly have a fundamental interest in the care,
custody, and control of their children.  See Adoption of Patty,
489 Mass. 630, 638 (2022).  But "[d]ue process is not a
technical conception with a fixed content, but varies with
context, and therefore is a flexible concept that calls for such
procedural protections as the particular situation demands."
Id., quoting Vazquez Diaz v. Commonwealth, 487 Mass. 336, 341
(2021).  Furthermore, the best interests of the children is the
"touchstone inquiry in child custody . . . cases" (quotation
omitted).  Smith v. McDonald, 458 Mass. 540, 544 (2010), quoting
Custody of Kali, 439 Mass. at 840.

The question the judge sought to answer in the four-day
trial was what physical and legal custody arrangement was in the
best interests of the children.  The father's fundamental

_____

[6] The mother's request for appellate attorney's fees in
excess of those awarded by the probate judge is denied.

8

interest in the custody of his children was protected by his opportunity to persuade the judge, across four days of trial, that the best interest of the children was to reverse the existing schedule and order the children to live with him for one more weekday during the school year. The father alleges no procedural defect with the trial itself, but rather second-guesses the judge's weighing of the evidence. As discussed above, the judge did not merely adopt the status quo without regard to the evidence introduced at trial. The evidence established that both parties were capable parents. We are unpersuaded that it constitutes a violation of due process for the children's adjustment to a schedule that was established after a nonevidentiary hearing to be the decisive factor under these circumstances, particularly where the ultimate standard is

9

the best interests of the children.  See Smith, 458 Mass. at 544.

Judgment on complaints for custody, support, and parenting time dated September 21, 2022, affirmed.

Order on motion for appellate attorney's fees, dated November 21, 2022, affirmed.

By the Court (Massing, Walsh & Brennan, JJ.[7]),

_Paul Little_

Clerk

Entered:  April 9, 2025.

---

[7] The panelists are listed in order of seniority.