NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1192

JIMMY SMITH

vs.

ZIPCAR, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jimmy Smith (Smith), appeals from a judgment of the Superior Court challenging two orders that (1) allowed the motion of the defendant, Zipcar, Inc. (Zipcar), to dismiss Smith's complaint, and (2) awarded Zipcar $1,897.50 in attorney's fees.  Smith advances two arguments in support of his claim that Zipcar's motion should have been denied and that Zipcar should not have been awarded attorney's fees.  However, Smith, who, as the appellant, has the responsibility of providing us with an adequate record upon which to review his claims, failed to submit a record appendix, an addendum, or any

materials necessary to resolve the claims asserted in his brief.[1]
As discussed below, given the inadequacy of the record, we are
precluded from considering the merits of Smith's arguments.  See
Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).

Background.  On September 12, 2019, following a sordid
history in both the Cambridge Small Claims Court and the Boston
Municipal Court, Smith filed a complaint against Zipcar in
Superior Court.  On October 9, 2019, Zipcar filed a motion to
dismiss and a request for sanctions.  A judge of the Superior
Court allowed Zipcar's motion to dismiss but denied its request
for sanctions.

On March 9, 2020, Smith filed a second complaint in the
Superior Court against Zipcar which is the subject of this
appeal.  According to Zipcar's brief, the factual allegations in
the complaint, in their entirety, state that "Zipcar Inc. has
breached their contract with me Plaintiff by acting in bad faith
as well as terminating their duties under the contract before
any breach was adjudicated."  Zipcar filed a motion to dismiss
and an accompanying request for attorney's fees, which were both
ultimately allowed by a judge of the Superior Court.  Zipcar's
request for attorney's fees was premised on Smith's failure to

_____

[1] See Mass. R. A. P. 18, as appearing in 481 Mass. 1637
(2019).

2

give Zipcar thirty days' written notice before filing a complaint, as purportedly required by the contract[2] between the parties.[3]

Discussion. Smith's two arguments on appeal both stem from his interpretation of the Zipcar membership contract between himself and Zipcar. Smith first argues that he was required to file the second Superior Court complaint to compel Zipcar to abide by the contract and arbitrate their initial claim. He also argues that he provided Zipcar with thirty days' notice, as required by the contract, before he filed the second complaint, and therefore Zipcar is not entitled to attorney's fees. However, because Smith failed to provide us with a record appendix containing, inter alia, the Zipcar membership contract, the record is wholly insufficient to review the merits of his appeal. In short, because of Smith's failure to comply with the requirements of our appellate rules, see Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019), he has waived all issues

---

[2] Neither party has provided us with a copy of the contract in their submissions.

[3] The motion judge initially deferred on Zipcar's request for attorney's fees until after Zipcar served Smith with a motion for an award of attorney's fees detailing the fees sought and explaining why those fees resulted from Smith's failure to give them contractual notice.

raised in his appeal.

Judgment affirmed.

By the Court (Desmond,
  Sacks & Brennan, JJ.[4]),

Clerk

Entered:  May 5, 2025.

---

[4] The panelists are listed in order of seniority.