NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-884

F.P.

vs.

C.J.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

As best can be discerned from the inadequate record in this case, following an ex parte hearing on May 9, 2024, a judge of the District Court issued a temporary G. L. c. 258E harassment prevention order against the defendant, C.J.  The order directed the defendant not to contact the plaintiff, F.P., and to stay at least fifty yards from her and her residence.  Following a two-party hearing on May 22, 2024, a second judge extended the order until May 21, 2025, and modified the required stay-away distance to fifteen yards.  On July 10, 2024, a third judge modified the order by ordering the defendant also to stay at least fifteen yards from the plaintiff's workplace.

The defendant appeals from the order issued following the two-party hearing on May 22, 2024, and the modification order issued on July 10, 2024.  No meaningful review in this case is possible because the defendant has not presented this court with an adequate record.  Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  See Arch Med. Assocs., Inc. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992).  The defendant contends that she has been "falsely accused of things that never took place," including "threat[en]ing somebody who I don't know."  She has not, however, provided this court with a copy of the plaintiff's complaint, the plaintiff's motion for modification, or any of the hearing transcripts.  "[The] appellant's obligation to include those parts of the trial transcript and copies of motions 'which are essential for review of the issues raised on appeal . . . is a fundamental and longstanding rule of appellate civil practice'" (citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  "[P]ro se litigants are held to the same standards as practicing members of the bar."  Commonwealth v. Jackson, 419 Mass. 716, 719 (1995).  Accordingly, we decline to disturb the harassment

2

prevention orders issued in the District Court.

Orders dated May 22, 2024,
  and July 10, 2024,
  affirmed.

By the Court (Rubin,
  D'Angelo, & Toone, JJ.[1]),

Clerk

Entered:   September 23, 2025.

---

[1] The panelists are listed in order of seniority.