NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1262

H.P.

vs.

Z.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the order of a judge of the District Court extending an abuse prevention order (G. L. c. 209A) against him. We affirm.

On September 13, 2022, the judge issued a temporary abuse prevention order against the defendant after the plaintiff appeared at an ex parte hearing. See G. L. c. 209A, § 4. Following a two-party hearing after notice on September 27, 2022, the same judge extended the order for one year. See G. L. c. 209A, § 3. After a hearing attended by both parties on September 26, 2023, the judge again extended the order for one year. See id. On September 25, 2024, the judge extended the

order for an additional two years following a hearing after notice at which only the plaintiff was present. See id.

The defendant, representing himself, argues that the judge erred "by not ascertaining the current state of circumstances" and that the plaintiff did not "show just cause for the continuation" of the order. Because the defendant has not provided us with the record necessary to allow us to review the merits of his argument, we affirm.

The defendant, as the appellant, bears the burden of producing a record appendix that is adequate for review on appeal. Commonwealth v. Woods, 419 Mass. 366, 371 (1995). See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019). This burden includes the "obligation to include those parts of the [hearing] transcript . . . which are essential for review of the issues raised on appeal" (quotation and citation omitted). Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995). See Mass. R. A. P. 18 (b) (4), (c).

The defendant has failed to provide the transcript of the September 25, 2024 hearing or the plaintiff's affidavit in support of the order.[1] Without reviewing the transcript and the

_____

[1] Although the defendant certified to the Wrentham District Court clerk that "[t]ranscripts are not needed for this appeal as all of my key points on the appeal are in my filed

plaintiff's affidavit, we are unable to assess the defendant's claim that there was insufficient evidence to warrant an extension of the order.[2]  See G. L. c. 209A, § 1 (defining "abuse"); Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186-187 (2020) (standards for extension of abuse prevention order based on past physical abuse and fear of imminent serious physical harm).

The defendant also contends that the judge erred in issuing the September 25, 2024 extension order by failing to hold an evidentiary hearing.  Because we cannot determine from the record before us that no evidentiary hearing took place, we are unable to evaluate the defendant's claim.

For the foregoing reasons, we discern no abuse of discretion or other error in the trial judge's extension of the

---

pleadings," we are unable to review his argument without the transcript.  See Cameron, 39 Mass. App. Ct. at 84.

[2] While we are not insensitive to challenges faced by self-represented litigants, we hold them to the same standards as litigants represented by counsel.  See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997), cert. denied, 522 U.S. 982 (1997); Pandey v. Roulston, 419 Mass. 1010, 1011 (1995) ("The fact that the plaintiff is pro se does not excuse him from compliance with relevant rules of substantive and procedural law").

209A order.  See G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018).

Extension order dated September 25, 2024, affirmed.

By the Court (Hand, Hodgens & Tan, JJ.[3]),

Clerk

Entered:  November 4, 2025.

---

[3] The panelists are listed in order of seniority.