NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1081

CAMILLE MARIE ANN ARGYROPOULOS[1]

vs.

LEONIDAS ARGYROPOULOS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Leonidas Argyropoulos (husband) appeals from portions of a modification judgment and a contempt judgment issued by a judge of the Probate and Family Court on April 28, 2025.  We affirm.

Following his divorce from Camille Marie Ann Argyropoulos (wife), the husband filed a complaint for modification and a complaint for contempt.  Represented by counsel, both parties testified at a consolidated trial on the complaints on March 10, 2025.  On April 28, 2025, after considering the testimony and fifty exhibits, the judge issued nine pages of factual findings and a rationale based on "all credible evidence" presented.  In

_____

[1] As is our custom, we set forth the parties' names as they appear on the joint petition for divorce, notwithstanding that the wife subsequently changed her surname.

judgments of the same date, the judge modified the wife's child support obligation and found the wife was not in contempt with respect to three of the four violations of the judgment of divorce alleged in the husband's complaint. The husband, now pro se, appeals from these judgments.

As the appellant, it is the husband's "obligation to provide an adequate record for review," Smith v. Jones, 67 Mass. App. Ct. 129, 134 (2006), but he has not done so. He faults the judge for numerous factual and legal errors and asks us to vacate the judgments and remand the case "for new findings consistent with the evidence." He did not, however, include in the record appendix copies of the trial transcript, the judgment of divorce, his complaint for contempt, the wife's answers to the complaints, most of the trial exhibits, and the parties' February 2023 financial statements filed at the time of the prior modification judgment, among other things. In the absence of a complete record "crucial to our review," Cameron v. Carelli, 39 Mass. App. Ct. 81, 83 (1995), we are rendered unable to examine the substance of the husband's claims and must affirm the judgments. It is not an appellate court's obligation to locate or create an adequate record for the benefit of a party. See Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007) ("When a party fails to include a document in the record appendix, an appellate court is not required to look beyond that appendix to

consider the missing document").  See also <u>Commonwealth</u> v.

<u>Jackson</u>, 419 Mass. 716, 719 (1995) ("pro se litigants are held

to the same standards as practicing members of the bar").

<u>Judgments dated April 28,
2025, affirmed</u>.

By the Court (Meade,
Hodgens & Allen, JJ.[2]),

Clerk

Entered: April 24, 2026.

---

[2] The panelists are listed in order of seniority.